UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

Kevin D. Meggers,

Petitioner,

vs. REPORT AND RECOMMENDATION

Marty C. Anderson,

Respondent. Civ. No. 01-769 (JRT/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 25th day of January, 2002.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus. See, Title 28 U.S.C. §2241. The Petitioner has appeared pro se, and the Respondent has appeared by William H. Koch, Assistant United States Attorney.

For reasons which follow, we recommend that the Petition for Habeas Corpus be denied.

II. Factual and Procedural History

The Petitioner is currently serving a 340-month prison sentence at the Federal Correctional Institution in Sandstone, Minnesota. He was sentenced on March 22, 1989, by the United States

11

FILED JAN 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

District Court for the Northern District of Iowa, after having been convicted of being a Felon in Possession with Intent to Distribute Cocaine, and with engaging in a Conspiracy to Distribute, and Possessing with an Intent to Distribute, Marijuana and Cocaine, in violation of Title 21 U.S.C. §§841(a)(1) and 846, and Title 18 U.S.C. §2. See, Attachment C to Declaration of Diane Fredriksen ("Fredriksen Decl."). The Petitioner's currently projected release date is June 16, 2014. See, Fredriksen Decl., at ¶2.

Prior to his conviction on March 22, 1989, the Petitioner was found, on February 20, 1989, in Civil Contempt of Court by the Sentencing Court, in accordance with Title 28 U.S.C. 1826, due to his refusal to testify before a Grand Jury. See, Attachment B to Fredriksen Decl., at 2. As a consequence, the Petitioner was ordered to be committed to the custody of the United States Marshal, with confinement in the Linn County Jail for the duration of the Grand Jury or any extension, but not longer than eighteen months. Id.

On August 29, 1989, the Sentencing Court ordered that the Petitioner be released from confinement, for the civil contempt, effective at midnight on August 28, 1989. See, Attachment D to Fredriksen Decl. The Sentencing Court did not specifically order the Petitioner's contempt and criminal sentences to run either consecutively, or concurrently, with one another. Id. It was further ordered that he remain confined so that he could begin his Federal

sentence. Id. Thus, although the Petitioner was sentenced on the drug conviction on March 22, 1989, the Respondent contends that his Federal sentence must be computed from the date of his release from the Contempt Order -- that is, on August 29, 1989 -- as it is presumed that the sentences are consecutive rather than concurrent. See, Title 18 U.S.C. §3584(a)[1]; Bureau of Prisons ("BOP") Program Statement ("P.S.") 5140.33.

On previous occasions, the Petitioner's sentence was computed to run his Federal criminal sentence concurrent with his civil contempt sentence. See, Ex. 1 to Petitioner's Facts of the Case (sentence computation as of August 15, 1990, placing Petitioner's release date at January 10, 2014); Ex. 6 to Petitioner's Facts of the Case (sentence computation as of May 21, 1996, placing Petitioner's release date at January 7, 2014). These computations were apparently conducted in reliance on BOP P.S. 5140.11, Civil Contempt, and BOP P.S. 5880.28, Sentence Computation Manual.[2] See,

---

[1]Title 18 U.S.C. §3584 provides as follows:

> Imposition of concurrent or consecutive terms. * * * Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

[2]The parties have not provided the Court with a copy of BOP P.S. 5140.11, but we have reviewed BOP P.S. 5880.28, which continues to provide as follows:

(continued...)

Fredriksen Decl., at ¶7. According to the Respondent, however, these Program Statements were not reflective of the provisions of Section 3584(a). Id. Thus, in May of 2000, BOP P.S. 5140.33 was revised to ensure consistent application of sentence computations. Program Statement 5880.28 has not yet been updated to reflect the change, however. Id.

The revised BOP P.S. 5140.33 directs that, if a civil contempt order was in effect when the criminal sentence was imposed under Title 18 U.S.C. Chapter 227, as applicable to offenses committed on or after November 1, 1987, the criminal sentence runs consecutively to the commitment Order unless the Sentencing Court orders otherwise. See, Attachment E to Fredriksen Decl. Thus, the BOP reviewed the Plaintiff's Presentence Report ("PSR") to determine whether his offenses occurred after November 1, 1987. See, Attachment F to Fredriksen Decl. The Petitioner's possession offense occurred in November of 1987, and the conspiracy offense occurred

---

[2](...continued)

> If a civil contempt sentence is in effect when a criminal sentence is imposed, and the prisoner is available for service of the sentence, the just imposed sentence runs concurrently with the civil contempt sentence **unless** the court specifically orders the criminal sentence to be served consecutively to preserve the intended effect of the civil contempt sentence.

BOP P.S. 5880.28, at 1:26 (emphasis in the original).

between 1976 through November of 1987. See, Attachment F to Fredriksen Decl., at 2, 5, 10 (chronicling observations of criminal activity by the Petitioner, including an occurrence after November 1, 1987). Therefore, the Respondent applied the revised BOP P.S. 5140.33 to the Petitioner's sentence, because his criminal offense of possession occurred on or after November 1, 1987, and the offense of conspiracy was furthered through or after November 1, 1987. See, Fredriksen Decl., at ¶8. The Respondent has also noted that this application is consistent with BOP P.S. 5880.28, Sentence Computation Manual, which states that a conspiracy is a continuing type of criminal activity that ends when the conspiracy discontinues, or when an individual who is participating in a conspiracy terminates participation in the conspiracy. See, Attachment G to Fredriksen Decl.

The Petitioner has now brought this Petition for Writ of Habeas Corpus, under Section 2241, contending that his previous sentence computations, which place his expected release date in early January of 2014, were correct, and that the Respondent unconstitutionally applied revised P.S. 5140.33 to his sentence, in violation of the Ex Post Facto Clause. He seeks an Order directing the Respondent to reinstate his previously calculated release date of January 7, 2014. See, Petition for Writ of Habeas Corpus, at 5.

## III. Discussion

The Petitioner does not appear to contest that Title 18 U.S.C. §3584(a) was enacted prior to his conviction for possession and conspiracy, or that it provides that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Moreover, it is clear that the Sentencing Court did not specify, in its Order, whether the Federal sentences for possession, and conspiracy, were to run concurrently, or consecutively, with the Petitioner's already imposed contempt sentence. See, Attachments C and D to Fredriksen Decl.

Further, we can find no authority which would empower us to conduct a review as to whether the sentence should have been ordered to be served concurrently, as such a decision appears to lie solely within the discretion of the Sentencing Court, and would also, by every appearance, be inappropriate for review under a Section 2241 Petition, as any such review should, in all probability, be considered by the Sentencing Court under Title 28 U.S.C. 2255. See, e.g., United States v. Controneo, 89 F.3d 510, 513 (8th Cir. 1996)(decision to impose consecutive sentence upon revocation of supervised release is committed to the sound discretion of the District Court); DeSimone v. Lacy, 805 F.2 321, 323 (8th Cir. 1986)(challenges to the lawfulness of a conviction, or to a

sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Petition).

Nonetheless, the Petitioner argues that, in accordance with previous BOP Program Statements, his Federal sentence was computed to run concurrently with his contempt sentence, and that application of the revised BOP P.S. 5140.33, under which his sentence is computed to run consecutively, violates the ex post facto clause. We disagree. Article I, Sections 9 and 10, of the United States Constitution prohibits Congress, and the States, from passing any Ex Post Facto laws.[3] An Ex Post Facto law is a statute that "makes an action, done before the passing of the law, and which was innocent when done, criminal; [or] * * * changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." Calder v. Bull, 3 U.S. 386, 390 (1798). "A law violates the ex post facto clause if it applies retrospectively to

[3]In pertinent part, Article I, Sections 9 and 10 provide:

> Section 9. * * * No Bill of Attainder or ex post facto Law shall be passed. * * *
>
> Section 10. No State shall * * * pass any * * * ex post facto Law.

United States Constitution, Art. I, §§9, 10.

events occurring before its enactment and if it is more onerous than the law in effect on the date of the offense." See, Yamamoto v. United States Parole Commission, 794 F.2d 1295, 1297 (8th Cir. 1986). Thus, for the Ex Post Facto Clause to apply, the challenged act must be retrospective -- that is, applying to events occurring before its enactment -- and it must disadvantage the offender who is affected by it. See, Weaver v. Graham, 450 U.S. 24, 29 (1981). The clause is, nonetheless, construed narrowly. See, Collins v. Youngblood, 497 U.S. 37, 41-52 (1990).

The circumstances leading to the Petitioner's filing of this Petition for Writ of Habeas Corpus appear to be unique, and we have been unable to find case authority addressing such an occurrence. Nonetheless, under case authority regarding the application of the Ex Post Facto Clause generally, we believe that the Petitioner's contention to have no merit. In short, we simply do not find that the Petitioner has suffered any disadvantage or, at the most, nothing more than a theoretical disadvantage, in that, at some point during his incarceration, he **thought** he would be released earlier than currently computed, due to a revision in the pertinent Program Statement. Since the revision merely comports with pre-existing statutory law, his claim does not rise to the level of an Ex Post Facto violation.

Prior to the revision of BOP P.S. 5140.33, the BOP was clearly computing contempt sentences in contravention of the dictates of Section 3584(a). As such, rather than applying a previous sentence, such as one served under a finding of contempt, consecutively -- unless otherwise noted by the Sentencing Court -- it was applying the sentence concurrently. See, BOP P.S. 5880.28. It has now revised its practices, via its Program Statements, to conform with the applicable Statute. More importantly, when the Petitioner was sentenced, Section 3584(a) was clearly in effect, and he had no expectation of a concurrent sentence, due to the fact that Sentencing Court did not order the sentences to run concurrently. At best, the original, and erroneous computation of his sentence, was purely fictional, as the computation contravened the applicable statutory provision, and the original computation, as a result, was effectively a legal nullity. Quite plainly, the Petitioner may complain about the substitution of a properly computed release date, but he certainly has not suffered any legally recognized disadvantage by that substitution.

As the Supreme Court has explained, "[c]ritical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." See, Weaver v. Graham,

supra at 30. Thus, a Court considering whether a law is impermissibly ex post facto "is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred." Id., at 30 n.13. In this case, it is abundantly clear that there has been no change in the governing law that has more harshly punished the Petitioner then the law in effect when he was sentenced. Consequently, there has been no violation of the Ex Post Facto Clause in this instance. See, e.g., Caballery v. United States Parole Commission, 513 F. Supp. 1071, 1074 (S.D.N.Y. 1981)(concluding that the Parole Commission's new interpretation of a Statute did not "effect a change in law or subject [the petitioner] to any more onerous punishment" when the previous practice of the Parole Commission was erroneous under a reasonable interpretation of the controlling Statute). Therefore, we recommend that the Petition for Writ of Habeas Corpus be denied.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for Writ of Habeas Corpus [Docket No. 1] be denied.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than February 11, 2002,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than February 11, 2002,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.