**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

KEVIN D. MEGGERS,

Petitioner,

v.

MARTY C. ANDERSON,

Respondent.

Civil No. 01-769 (JRT/RLE)

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Kevin D. Meggers, #06275-029, Federal Correctional Institution-Sandstone, Box 1000, Sandstone, MN 55072, petitioner *pro se*.

William H. Koch, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Kevin Meggers, a federal prisoner currently incarcerated at FCI-Sandstone for violation of federal drug trafficking laws, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He claims that the Bureau of Prisons ("BOP") wrongfully increased his sentence by six months to June 16, 2014, when it applied BOP Program Statement 5140.33 to his civil contempt conviction on an ex post facto basis. For relief, he seeks an order reinstating his previously calculated release date of January 7, 2014.

FILED

RICHARD D. SLETTEN, CLERK

JUDGMENT ENTD.

DEPUTY CLERK

On January 25, 2002, United States Magistrate Judge Raymond L. Erickson concluded that petitioner's claim did not rise to the level of an ex post facto violation and accordingly recommended that his application for habeas corpus relief be denied. This matter is before the Court on petitioner's objections to the report and recommendation in its entirety. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules petitioner's objections, adopts the report and recommendation of the Magistrate Judge, and denies petitioner's § 2241 claim for relief.

## BACKGROUND

On February 20, 1989, Judge David R. Hansen of the United States District Court for the Northern District of Iowa found petitioner in contempt of court pursuant to 28 U.S.C. § 1826 for refusing to testify before a Grand Jury. The court ordered petitioner committed to the custody of the United States Marshal and confined in the Linn County Jail for the duration of the Grand Jury or any extension, but no longer than eighteen months.

On March 22, 1989, while petitioner was serving his sentence for civil contempt, the District Court sentenced petitioner to a 340-month sentence following his conviction on drug trafficking charges in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2. At the time of his sentencing, the Court did not order petitioner's contempt and criminal sentences to run concurrently with one another.

On August 29, 1989, the District Court ordered petitioner's release from confinement for civil contempt. Although petitioner was sentenced on his criminal convictions on March 22, 1989, respondent contends that petitioner's federal sentence must be computed from August 29, 1989, the date of petitioner's release from the contempt order. Respondent bases this argument on the plain language of 18 U.S.C. § 3584(a) which provides, in relevant part, that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."

However, on two occasions prior to the contested calculation, the Bureau of Prisons ("BOP") computed petitioner's criminal sentence to run concurrently with his contempt sentence. These computations were done by the BOP pursuant to BOP Program Statements 5140.11, Civil Contempt, and Program Statement, and 5880.28, Sentence Computation Manual.

According to respondent, these program statements were not reflective of 18 U.S.C. § 3584(a). Thus, when the BOP recognized that internal program statements contradicted the law, BOP P.S. 5140.33 was revised to ensure consistent application of sentence computations with § 3584(a). This program statement provides that if a civil contempt order was in effect when the criminal sentence was imposed under 18 U.S.C. Chapter 227, and that criminal offense was committed on or after November 1, 1987, the criminal sentence runs consecutive to the commitment order unless the sentencing judge orders otherwise. The BOP reviewed petitioner's presentence report to determine whether the offenses in question occurred on or after November 1, 1997. The PSR reflected that

petitioner's offense for possession with intent to distribute cocaine occurred in November 1987 and the conspiracy offense was committed through 1987. Accordingly, the BOP applied P.S. 5140.33 to petitioner's sentence and recalculated petitioner's release date for June 16, 2014.

Petitioner now brings this petition under § 2241, contending that his previous sentence computations, which set his expected release date in early January 2014, were correct, and that the BOP unconstitutionally applied revised P.S. 5140.33 to his sentence in violation of the ex post facto clause. As relief, petitioner seeks to have the BOP reinstate his previously calculated release date of January 7, 2014.

## ANALYSIS

### I. § 2241 v. § 2255

Petitioner may seek a remedy using a writ of habeas corpus either under 28 U.S.C § 2255 or 28 U.S.C. § 2241. "Section § 2255 provides that a petition for habeas corpus may not be filed by an inmate convicted of a federal crime unless the inmate can show that the remedies available under § 2255 are unavailable." *Von Ludwitz v. Ralston*, 716 F.2d 528, 528 (8th Cir. 1983). A petitioner can file a petition under § 2255 if he asserts a right to be released upon grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the Court was without jurisdiction to impose such sentence, or the sentence was in excess of the maximum authorized by law, or is subject to some other kind of collateral attack. 28 U.S.C. § 2255. In these instances, a

petitioner may move the court which imposed the sentence to vacate, set aside, or correct the sentence under § 2255. *Id.*

When remedies under § 2255 are not available to petitioner because his claim is distinct from claims permitted by § 2255, petitioner may file a writ of habeas corpus under 28 U.S.C. § 2241. Section 2241 allows a petitioner to question the constitutionality of a claim regardless of the sentencing court's involvement with the alleged violation. For example, § 2241 provides the proper jurisdictional basis when a petitioner challenges the execution of a sentence or the length or duration of his confinement.

In this case, petitioner did not explicitly elucidate why § 2255 was inapplicable for the present claim and it is debatable whether petitioner's claim is properly before the Court under § 2241. Respondent claims that petitioner is seeking relief under § 2255 because, in essence, petitioner is seeking to amend his underlying sentences to run concurrent with each other.[1] On the other hand, it seems equally plausible to construe petitioner's claim as challenging the BOP's administration of his federal sentence, in which case his claim would lie with § 2241. Though a close question, the Court will presume that petitioner's claim was properly filed under § 2241 and consider the merits of his claim.

[1] If respondent is correct in this analysis, then the Court would have to dismiss petitioner's claim for lack of jurisdiction. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . **may move the court which imposed the sentence** to vacate, set aside, or correct the sentence.") (emphasis added). The sentencing court in this case is the United States District Court for the Northern District of Iowa.

## II. Ex Post Facto Claim

The United States Constitution prohibits Congress and the states from passing any ex post facto laws. U.S. Const. art I §§ 9, 10. An ex post facto law is a statute that "makes an action, done before the passing of the law, and which was innocent when done, criminal; [or] a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Calder v. Bull* 3 U.S. 386, 390 (1798). It is undisputed that 18 U.S.C. § 3584 was enacted prior to his conviction. It is also undisputed that the district court did not specify that his sentences would run concurrently.[2]

In this case, the Court does not find that petitioner's claim rises to the level of an ex post facto violation for two reasons. First, changes to internal policies of the BOP are not **laws or legislative acts** within the ambit of the ex post facto clause. *See e.g.*, *Bailey v. Gardebring*, 940 F.2d 1150, 1156-57 (8th Cir. 1991). Here, the BOP merely revised its internal statements to comport with the pertinent statute, § 3584, a statute that existed at the time of petitioner's conviction and sentence. Second, one of the key purposes of the ex post facto clause is to "give fair warning of criminal laws and their punishment." *Yamamoto v. United States Parole Comm'n*, 794 F.2d 1295, 1297 (8th Cir. 1986). Here, petitioner cannot claim reliance on an administrative guideline in direct conflict with the

[2] The district court judge acted within the scope of his authority to distinguish whether a defendant's sentences should be served concurrently or consecutively or to remain ambiguous and allow § 3584 to imply consecutive terms. *United States v. Controneo*, 89 F.3d 510, 512 (8th Cir. 1996).

plain meaning of §3584. Thus, for all the foregoing reasons, and those stated in the report and recommendation, the petition is denied.

## ORDER

Based on all of the files, records, and proceedings herein, the Court **OVERRULES** petitioner's objections [Docket No. 12] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 11]. **IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus [Docket No. 1] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 26, 2002
at Minneapolis, Minnesota.

John R. Tunheim
JOHN R. TUNHEIM
United States District Judge